[Crim. No. 3283. Second Appellate District, Division Two.—March 4, 1940.]

THE PEOPLE, Respondent, v. CLIFFORD NEAL STUHL-
MILLER, Jr., Appellant.

Alexander L. Oster for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

WOOD, J.—In an amended information appellant was accused of the crime of robbery with the further charge that at the time of the commission of the offense he was armed with a deadly weapon. He entered a plea of guilty to the charge of robbery but denied that he was armed with a deadly weapon. At a hearing conducted June 27, 1939, the court found that appellant was armed as charged in the information and that the crime was robbery in the first degree. Appellant was thereupon sentenced to the penitentiary. On August 18, 1939, appellant presented a motion to vacate the judgment and to permit him to enter a plea of not guilty upon the ground that the plea previously entered was not free and voluntary but was induced by threats and promises of leniency on the part of the arresting officers. He made the motion upon the further ground that the amended information had been filed without an order of court permitting it to be filed. The present appeal is taken from the order denying this motion.

Appellant's contention that his plea of guilty had been induced by threats and promises of leniency is based upon his own affidavit in which he outlines certain statements alleged to have been made by the arresting officers. To offset the statements contained in appellant's affidavit the prosecution presented affidavits by three police officers in which the officers denied they had made the statements set forth in appellant's affidavit. Early in the proceedings appellant entered a plea of not guilty and later obtained permission of the court to withdraw such plea and enter a plea of guilty. At that time the court carefully examined appellant, who then stated that the plea was entered voluntarily and that no promises of leniency had been given.

A motion to vacate a judgment upon the grounds relied upon by appellant is directed to the sound discretion of the trial court and a reviewing court may not disturb the order of the trial court unless there has been an abuse of discretion.

(*People* v. *Toledo*, 111 Cal. App. 204 [295 Pac. 353].) No abuse of discretion has been shown in the present case.

 Appellant is not in position to complain of the alleged error in the proceedings in the filing of the amended information without the consent of the court. The first matter appearing in the clerk's transcript is the amended information, followed by the proceedings taking place after it was filed. Appellant did not request that the original information be set forth in the record, and it does not affirmatively appear from the record whether permission to file the amended information had been formally given. It was appellant's duty to supply this court with a record which would show prejudicial error if any in fact existed. This he has failed to do. Moreover, at the time appellant entered his plea to the amended information the plea which he had entered to the original information had been withdrawn with the consent of the court. It is provided in section 1008 of the Penal Code that an "information may be amended by the district attorney without leave of court, at any time before the defendant pleads". Since appellant had withdrawn the plea earlier entered the district attorney had the right to file an amended information without leave of court at any time after the withdrawal of such plea and until the entry of another plea. Even if the amended information had been filed without leave of court and before appellant had withdrawn his plea of not guilty to the original information, it is manifest that appellant could suffer no prejudice because of his arraignment on the instrument then on file instead of on a similar instrument bearing a later filing date.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.