[Crim. No. 2772.   First Dist., Div. Two.   Jan. 31, 1952.]

THE PEOPLE, Respondent, v. GEORGE EDWARD SMITH, Appellant.

Alfred P. Chasuk for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn and Winslow L. Christian, Deputy Attorneys General, N. J. Menard, District Attorney, and Margaret V. Morten, Deputy District Attorney, for Respondent.

GOODELL, J.—Appellant filed, in the court in which he had been tried, a motion to set aside and vacate judgment, which is in the nature of a petition for a writ of error *coram nobis.* On its denial he appealed. Respondent moved to dismiss the appeal on the ground that appellant's motion had raised no substantial issue. Both the appeal and the motion to dismiss it were submitted on the same record.

On December 6, 1947, appellant was arrested in Palo Alto and charged with the theft of an automobile. After a preliminary hearing an information was filed charging him under section 503 Vehicle Code. He was tried before a jury, convicted, and sentenced to the penitentiary. There was no motion for a new trial, and no appeal from the judgment.

At the trial appellant was represented by counsel appointed by the court. When appellant's motion to vacate the judgment was presented in the trial court he was represented by a different attorney, who now represents him herein.

When the motion came before the trial court appellant's counsel stated the points set forth in the petition, amplified by argument; the district attorney replied; the court denied the motion from the bench, and a minute order was entered.

"In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. [Citations.] Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [Citations.] The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)'' (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13].)

Appellant's motion (prepared by himself) presents eight contentions, four of which are based on proceedings before trial, three on proceedings at the trial, and one on proceedings after verdict.

### Proceedings Before Trial

■ After the assertion that "petitioner is entirely and wholly innocent of the charge upon which he was convicted" appellant alleged that he "should have been charged under 499-b of the . . . Penal Code" and that he was "indicted for grand theft auto, and the change of charge was without the knowledge of petitioner." Appellant states that "He was thus denied an opportunity to prepare an adequate defense." No reasons are suggested why this was so; no authorities are cited; no argument is made. It is not shown how an accused person has any right to say under which statute he shall be prosecuted, or to insist that the prosecution has to be carried through under the statutory provision under which he was originally booked.

Appellant's other contentions are that he was brought before the court for arraignment and preliminary hearing without being offered the aid of counsel, or being informed of his constitutional rights, and that he was not given an immediate hearing before a magistrate within the time set by law.

All four matters, if they were as alleged, were known at the time (*People* v. *Adamson, supra*) and the remedy then available was a motion to quash the information (*In re Tedford,* 31 Cal.2d 693, 694-695 [192 P.2d 3] ; *People* v. *James,* 99 Cal.App.2d 476, 484 [222 P.2d 117] ; see, also, *People* v. *Coates,* 95 Cal.App.2d 78, 80 [212 P.2d 263] ; *People* v. *Bailey,* 105 Cal.App.2d 150, 153-154 [232 P.2d 518] ).

### Proceedings at the Trial

■ The three specifications under this head were not available to appellant in this proceeding because of the rule stated in *People* v. *Reid,* 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435] as follows: "The uniform conclusion of the decisions is that the function of a writ of error *coram nobis* is to correct an error of fact. It never issues to correct an error of law nor, so far as we have been able to ascertain, has it ever issued to redress an irregularity occurring at the trial, such as misconduct of the jury, or of the court, or of any officer of the court (except under circumstances amount-

ing to extrinsic fraud which in effect deprived the petitioner of a trial upon the merits).''

One of appellant's complaints is that he ''was denied the aid of a witness the defense had subpoenaed, the court approved the procedure of the District Attorney's office . . . who informed witness not to appear.'' If the attempt of the defense to get this witness into court was blocked or thwarted by any officer of the court or otherwise, that situation—a very serious one if in fact it existed—was known at the time (*People* v. *Adamson, supra*). It could have been presented on a motion for new trial or by appeal. If there had been any misconduct of the prosecuting officers it could not have been considered in this proceeding since those matters ''could have been presented on appeal from the judgment'' (*People* v. *Watkins,* 92 Cal.App.2d 375, 377 [206 P.2d 1118]).

Appellant's complaint that he ''was oppressed by introduction of evidence he was not prepared to meet . . . the court erred in allowing two rebuttal witnesses (two police inspectors) then refused to allow defense to answer to their testimony'' is answered by what has been said above. If it occurred it was known at the time, and it was an error of law which could have been presented on a motion for new trial or by appeal.

Appellant complains that the attorney appointed by the trial court to conduct the defense (not appellant's present counsel) was inexperienced in criminal matters, and that he admitted that that was his first court appearance as an attorney. There is nothing in the record (beyond appellant's bare assertion) indicating that the defense was not ably and adequately conducted. But even if there had been, it is settled by the authorities that lack of effective aid of counsel cannot be determined in *coram nobis* proceedings (*People* v. *James, supra,* 99 Cal.App.2d 476, 479; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635]).

### Proceedings After Verdict

Appellant states that he ''appeared for sentence March 13, 1948, ten days after his conviction, this period being used for the probation officer to compile his reports, and the court immediately commanded the probation officer to sit down without giving his report, the court stating its mind was already made up and any report by the officer would have no effect upon its decision. The court stated further that

the plea for leniency made by ten of the jurors stemmed from the fact that they thought the offense of 503 California Vehicle Code was a misdemeanor, and the records will show that eight (8) of these jurors went further and each wrote a personal letter to the Adult Authority. The contents of which your petitioner does not know except that they asked for leniency in some form as they were of the opinion that the defendant had no previous criminal record.''

No case has been cited, and we know of none, where *coram nobis* has been successfully invoked with respect to matters such as those last discussed.

In a case such as this the burden is upon the petitioner ''of producing convincing proof of a fact which constitutes a legal ground for setting aside the judgment. The presumption that the judgment is valid in all respects is strong . . .'' (*People* v. *Shorts,* 32 Cal.2d 502, 508, *supra;* *People* v. *Bailey, supra,* 105 Cal.App.2d 150, 153). Neither the trial court nor the appellate court is bound ''to accept at face value the allegations of the petition'' for the writ. (*People* v. *Adamson, supra,* 34 Cal.2d 320, 330; *People* v. *Chapman,* 96 Cal.App.2d 668, 671 [216 P.2d 112].)

No substantial issue was raised by appellant's motion to vacate the judgment of conviction. Accordingly respondent's motion should be granted.

The appeal is dismissed.

Nourse, P. J., and Jones, J. pro tem., concurred.