[Crim. No. 4990.  Second Dist., Div. Two.  June 4, 1953.]

THE PEOPLE, Respondent, v. JOSEPH FRANK MARTORANA, Appellant.

Arnold J. Provisor for Appellant.

Edmund G. Brown, Attorney General, and Allan R. Woodard, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted on February 7, 1952, of assault with intent to commit rape. His motion for a new trial was denied. He did not appeal.

In November, 1952, defendant filed an application for writ of error *coram nobis* together with a notice of motion therefor. He appeals from the order denying his petition.

Defendant's application was based upon the asserted ground that a fraud had been perpetrated upon the court in that one of defendant's witnesses, George R. Hubbard, had been prevented from testifying at his trial. From the affidavits in support of defendant's application it appears that Mr. Hubbard had had some conversations with the complaining witness and that she had made statements to him which would be advantageous to defendant's defense. Hubbard was a friend of defendant and indicated his willingness to testify in his behalf. It further appears that Hubbard was a defendant in a civil action in the Los Angeles Municipal Court which went to trial on February 6, 1952. The time estimated by plaintiff's counsel for the trial of this civil case was less than one day. It required, however, two days. Hubbard met defendant at noon on the 7th and told defendant he would testify for him that afternoon, after his case was concluded,

"shortly after the noon recess." It is asserted that the attorney for the plaintiff in the civil action against Hubbard was also attorney for the complaining witness in the criminal case; that he contemplated filing, and did later file, an action for damages in behalf of the complaining witness against the defendant herein; that the attorney knew Hubbard "was interested" in the criminal case; and that Hubbard's civil trial was "unduly prolonged" by this attorney to prevent him from testifying on behalf of defendant. Hubbard was not under subpoena. It is also stated that Hubbard was prevented from testifying because of the failure of Judge Fricke to grant a short recess in which to bring him in to testify. The two trials were being conducted in near-by buildings in Los Angeles.

Defendant fails to make any substantial showing for setting aside his conviction. His affidavit does not state that the attorney in Hubbard's civil action knew that Hubbard was expected to be a witness in the criminal case. Defendant's present attorney says the other lawyer told him he knew Hubbard was "interested in" the criminal matter. That, of course, does not mean that he understood that Hubbard was to be a witness for defendant. It is stated in defendant's affidavit that "investigation has revealed that the trial in which Mr. Hubbard was involved was unduly prolonged by said attorney . . . in an attempt to prevent Mr. Hubbard from testifying on behalf of the affiant herein." Just how this was done is not stated. It does not appear that Hubbard was on the witness stand all afternoon, or that his personal presence was otherwise continuously required in the trial of his civil case, or that he asked to be excused so that he might testify for defendant, or that he requested a recess for that purpose, and that any such request was objected to or refused. ■ In connection with the last quoted statement from defendant's affidavit it may be appropriately observed that "Neither the trial court nor the appellate court is bound 'to accept at face value the allegations of the petition' for the writ." (*People* v. *Smith,* 109 Cal.App.2d 76, 80 [239 P.2d 903].) ■ "The presumption that the judgment is valid in all respects is strong . . ." (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].) ■ It is thus apparent that the general and hearsay statements in defendant's affidavits furnish no substantial basis for defendant's charge that Hubbard was prevented by the attorney for the complaining witness from testifying at defendant's trial. (*People*

v. *Adamson*, 34 Cal.2d 320, 329 [210 P.2d 13].) Further-more, it is conceded that no subpoena was ever issued for Hubbard. Upon its appearing that he was not present to testify when needed, a subpoena to appear forthwith would undoubtedly have been issued if the materiality of his con-templated testimony had been revealed and his presence in an adjacent building disclosed. But no such request was made.

There is no support whatever in the record before us of the charge that Hubbard was prevented from testifying in de-fendant's behalf because of Judge Fricke's failure to grant a short recess so that he could be brought in to testify. In fact, the record is quite to the contrary. The court in this proceeding pointed out that "the defendant rested without any motion for a continuance in order to get the witness." The judge also commented: "All that would have been neces-sary would have been a continuance . . . [for] a matter of . . . minutes in order to get the witness . . . , which could easily have been accomplished. I never indicated I wouldn't give them an opportunity to get the witness . . . I would not grant an extended continuance where the defendant failed to use any diligence to get the witness here."

Furthermore, if defendant felt aggrieved by any of the court's rulings he had his remedy by appeal. He did not, however, avail himself of it. He may not, of course, have his judgment of conviction later set aside through *coram nobis* for asserted errors which could have been corrected on ap-peal for the writ may not be used as a substitute for an appeal. (*People* v. *Watkins*, 92 Cal.App.2d 375, 376-377 [206 P.2d 1118] ; *People* v. *Smith, supra*, p. 79 ; *People* v. *Martinez*, 88 Cal.App.2d 767, 774 [199 P.2d 375].)

Affirmed.

Moore, P. J., and McComb, J., concurred.