[Crim. No. 863. Fourth Dist. July 21, 1953.]

THE PEOPLE, Respondent, v. HUBERT MILES LANGLEY, Appellant.

Hubert M. Langley, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with two counts of forgery, and with a prior conviction of felony. He was represented at the trial by the office of the public defender. The jury found him guilty on both counts and he admitted the prior conviction. His application for probation was denied and judgment was pronounced on May 2, 1952, sentencing him to prison. No motion for a new trial was made and no appeal taken.

On November 18, 1952, the defendant made a motion to annul, vacate and set aside the judgment. The defendant was present at the hearing of this motion and was there represented by another attorney, who was appointed by the court at his request. The motion was denied and this appeal followed.

The appellant argues that this was not a *coram nobis* proceeding, and that it was a motion to set aside the judgment on the ground that the trial court had no jurisdiction over the subject matter or over the person of the defendant. It was then argued that the court was deprived of jurisdiction by the four matters relied upon in this proceeding.

Appellant's petition for an order vacating the judgment alleged that the court had no jurisdiction because he was not informed at the preliminary hearing of his right to counsel, and none was appointed; and that he gave to the jailer a list of witnesses which the jailer did not deliver to the trial judge. In his brief on this appeal he also argues that the public defender did not properly defend him at the trial; and that he was improperly questioned during the trial concerning the prior felony.

Not only are the material facts, with respect to these mat-

ters, not disclosed by the record before us but they are all matters of evidence or procedure which do not affect the matter of jurisdiction. ■ A motion to vacate a judgment does not lie to correct errors of law or to redress any irregularity that could have been corrected on a motion for a new trial, or by an appeal. (*People* v. *Cook*, 97 Cal.App.2d 284 [217 P.2d 498].) ■ All of the matters alleged in the petition were known at the time of trial, and no motion to quash or motion for a continuance was made. (*People* v. *Smith*, 109 Cal.App.2d 76 [239 P.2d 903].) The other matters now argued in the briefs could and should have been raised on a motion for a new trial or on an appeal.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.