[Crim. No. 5090. Second Dist., Div. Two. Dec. 8, 1953.]

THE PEOPLE, Respondent, v. LONG V. THOMAS, Appellant.

Long V. Thomas, in pro. per., and Grant B. Cooper for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was at first accused by information of kidnapping a woman and of having previously been convicted of one felony in Shreveport, Louisiana, and of another in Los Angeles, California, and of having served a term in prison for each of them. At his arraignment, with his counsel present, he pleaded not guilty and denied the prior convictions. Five weeks after such arraignment, the district attorney filed an amended information which included a second count, charging appellant with having assaulted the victim of the alleged kidnapping by means of force likely to produce great bodily injury. Also, the amended pleading included the two prior felony convictions and prison terms and was filed on stipulation that count II be included. When arraigned on the double-barrel information, appellant, with his counsel present, repeated his denial of count I but pleaded

guilty to count II and admitted both of the alleged prior convictions. Probation having been denied him, he was sentenced to the state prison for the term prescribed by law and count I of the amended information was dismissed. Neither a motion for a new trial nor other effort to avoid the judgment was made. But five months and twenty-six days after sentence, appellant filed with the superior court his petition for writ of error *coram nobis*. He was there represented by the public defender, only to have his petition denied.

The brief filed by appellant is such a confusion of misconception and misstatements of his rights that it is difficult to determine just what abuses he means to assert he was subjected to at the time of his plea of guilty. ██ He says the prosecution denied him "all means of self defense . . . they forced his prior conviction against him unlawfully . . . doomed him helpless in his tracks because he was a colored man . . . denied him all rights to have witnesses . . . to prove any part of his innocence." Such allegations of conclusions can serve no office in pursuit of a writ of error *coram nobis*. ██ Neither can such writ be used to correct an error of law committed at a trial. (*People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375].) ██ The petition itself is destitute of such an allegation of fact as would entitle appellant to the writ. It declares "he was terrorized, abused, intimidated, forced under his will or consent to enter a plea of guilty for fear of his life, and he was not represented by legal counsel." Not a word is said as to the means of intimidation or force used. His recital of the events at the time of his arrest is wholly irrelevant. ██ No allegation of abuse or misuse by the police is pertinent to such a petition unless it be declared to have been the cause of petitioner's plea of guilty and then the facts must be set out in the petition. In *People* v. *Chapman*, 96 Cal.App.2d 668 at page 671 [216 P.2d 112] the court said, "we are not bound, nor was the trial court, to accept at face value the allegations of the petition for the writ, especially since strong presumptions of regularity favor the judgment against petitioner." (See *In re Seeley*, 29 Cal. 2d 294, 299 [176 P.2d 24]; *In re Bell*, 19 Cal.2d 488, 500 [122 P.2d 22]; *People* v. *Russell*, 156 Cal. 450, 451 [105 P. 416].) So far as can be told from the record, the district attorney as well as the court treated appellant at the time he pleaded guilty with kindness and consideration and there is no averment in the petition that any attaché of the court mistreated the prisoner. ██ A mere declaration that he was compelled

to enter a plea of guilty is ineffective either to obtain a writ or to cause a reversal of the judgment denying a writ of *coram nobis.*

The claim that he is the victim of double jeopardy is a chimerical illusion of appellant. The form of pleading used in the amended information is common practice and is authorized by the Penal Code, section 954. Appellant stipulated to the amendment of the pleading by the insertion of count II. He now contends that by reason of the fact that both alleged crimes arose out of the same act, he was placed in "double jeopardy." If, in a set of facts occurring at the same time and place, two or more crimes are found to have been committed, each crime may be alleged in a separate count. However, the accused can be convicted under only one of them. (Pen. Code, § 654.) In the case at bar there was one information with two counts. Count II was based upon the same incident involved in the alleged kidnapping of count I. The accused was called on to plead to each count separately. He pleaded "not guilty" to count I but "guilty" to count II. By virtue of section 654, *supra,* he was never in jeopardy as to the count to which he was to plead "not guilty." The moment a judgment of conviction was entered, count I became a nullity destined to be dismissed. Where a prisoner is tried but once on several counts arising out of the same facts occurring at the same time, "double jeopardy" is impossible. (See *People* v. *Chessman,* 38 Cal.2d 166, 193 [238 P.2d 1001] ; *People* v. *Amick,* 20 Cal.2d 247, 251 [125 P.2d 25] ; *People* v. *Degnen,* 70 Cal.App. 567, 576 [234 P. 129].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1954.