[Crim. No. 5478.   Second Dist., Div. Two.   Dec. 30, 1955.]

THE PEOPLE, Respondent, v. ROBERT ROLAND
AYALA, Appellant.

Robert Roland Ayala, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, Roy A. Gustafson, District Attorney (Ventura County) and Burt M. Henson, Deputy District Attorney (Ventura County), for Respondent.

ASHBURN, J. pro tem.*—The instant appeal is another contribution to the swelling stream of applications for writ of error *coram nobis* which engage the attention of the courts. It is presented in propria persona.

Defendant was charged in count I of an amended information with violation of section 266h of the Penal Code, soliciting for a known prostitute, and in count II with violation of said section through receiving compensation for soliciting for a known prostitute. He was charged also with a prior conviction of a felony, violation of section 4573 of the Penal Code, namely, bringing narcotics into a penal institution. He pleaded guilty to count I of the information and count II was dismissed on motion of the district attorney. In due course he was sentenced to the state prison. No appeal was taken from the judgment. He soon filed in the superior court a petition for writ of error *coram nobis,* hearing thereon was had, the petition was denied and petitioner now appeals from the order of denial.

It would be a salutary thing if the applicants for this writ could be made to understand its narrow scope. It does not

*Assigned by Chairman of Judicial Council.

lie to correct errors of law made at the trial. ■ "Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [Citing cases.] ■ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)" (*People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13].) To the same effect are *People* v. *Krout*, 90 Cal.App.2d 205, 208 [202 P.2d 635]; *People* v. *Knight*, 73 Cal.App.2d 532, 535 [166 P.2d 899]; *People* v. *Martorana*, 118 Cal.App.2d 332, 335 [257 P.2d 998]; *People* v. *Smith*, 108 Cal.App.2d 696, 699 [239 P.2d 466]. ■ *Coram Nobis* is not the proper vehicle for vindicating constitutional rights; that is a function of motion for new trial, appeal or habeas corpus. (*People* v. *Adamson, supra*, at page 327.) ■ Nor is this proceeding "a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum.* In the vast majority of cases a trial followed by a motion for a new trial and an appeal affords adequate protection to those accused of crime. The writ of error *coram nobis* serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. But it is well-settled law in this and in other states that where other and adequate remedies exist the writ is not available." (*People* v. *Martinez*, 88 Cal.App.2d 767, 774 [199 P.2d 375].) Accord: *People* v. *Martinelli*, 118 Cal.App.2d 94, 96 [257 P.2d 37].

■ The judgment of conviction is attended by a strong presumption of validity. (*People* v. *Martorana, supra*, at p. 334; *People* v. *Smith*, 109 Cal.App.2d 76, 80 [239 P.2d 903]; *People* v. *Thomas*, 121 Cal.App.2d 754, 756 [264 P.2d 100].) ■ "The care and solicitude of the state for justice continue unabated, always; but the presumption of innocence of the defendant ended with the verdict, and the final, affirmed judgment of conviction is conclusive unless set aside upon a ground amounting to, akin to, or in the nature of extrinsic fraud or some other lack of due process, or, as has often been said in substance, upon proof that a fact existed

which could not in the exercise of due diligence by the defendant have been proved at the trial, and which, if known then, would have precluded the judgment from being entered. (See *People* v. *Gilbert* (1944), *supra,* 25 Cal.2d 422, 442 [154 P.2d 657], and authorities there cited.) ■ The defendant then, if he would set aside such judgment, must proceed as one who is at least prima facie guilty; he, now, is the attacker and has the burden of producing convincing proof of a fact which constitutes a legal ground for setting aside the judgment. The presumption that the judgment is valid in all respects is strong; the interests of justice and of humanity require that its terms be executed promptly if it be not set aside." (*People* v. *Shorts, supra,* 32 Cal.2d 502, 508.) ■ A defendant's plea of guilty "is an admission of every element of the offense charged, and constitutes a conclusive admission of defendant's guilt." (*People* v. *Cooper,* 123 Cal.App.2d 353, 356 [266 P.2d 566].)

■ The applicant must allege facts which establish a right to the writ within its recognized narrow confines. Mere conclusions or generalities will not suffice. (*People* v. *Thomas, supra,* 121 Cal.App.2d 754, 756; *People* v. *Martorana, supra,* 118 Cal.App.2d 332, 334; *People* v. *Reid,* 195 Cal. 249, 260 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Short, supra,* 32 Cal.2d 502, 513; *People* v. *Adamson, supra,* 34 Cal.2d 320, 328-329.) ■ And the petitioner must produce convincing proof in support of his application. (*People* v. *Smith, supra,* 109 Cal.App.2d 76, 80.)

Appellant makes numerous claims which are loosely stated and consist mainly of broad conclusions. His principal points seem to be that he was placed in double jeopardy by dismissal of count II and conviction of count I of the amended information; also that that conviction, which rests upon a plea of guilty, was brought about through improper persuasion of his attorney.

■ The plea of double jeopardy raises the question of denial of constitutional rights, a matter which is reviewable upon appeal (*Johnson* v. *Superior Court,* 10 Cal.2d 350, 353 [74 P.2d 243, 113 A.L.R. 1422]), or motion for new trial, and may in appropriate circumstances be asserted through a habeas corpus proceeding (*People* v. *Adamson, supra,* 34 Cal.2d 320, 327); hence the matter is not one for *coram nobis.* If we were able to entertain this question, petitioner could not prevail, for no double jeopardy has been shown.

248

■ Jeopardy does not attach until a defendant has been placed on trial before an impanelled jury or until the first witness has been sworn in a court trial (*In re Harron*, 191 Cal. 457, 466 [217 P. 728]; *People* v. *Thomas, supra,* 121 Cal.App.2d 754, 757), or until he has pleaded guilty (*People* v. *Goldstein,* 32 Cal. 432, 433). When that occurred in this case the other count was dismissed.

■ As a subsidiary proposition appellant claims "triple jeopardy" because of an allegation in the amended information charging his prior conviction of a felony, which he admitted. Again, that is not a matter which arises upon an application such as the one at bar. (*People* v. *Whitton,* 112 Cal.App.2d 328, 332-333 [246 P.2d 60]; *People* v. *McVicker,* 37 Cal.App.2d 470, 473 [99 P.2d 1110]; *People* v. *Reid, supra,* 195 Cal. 249, 253.) Of course there is no merit in the contention. (*In re McVickers,* 29 Cal.2d 264, 270-271 [176 P.2d 40]; *People* v. *Frank,* 134 Cal.App. 61, 63-64 [24 P.2d 905].)

Most of petitioner's other contentions must depend upon the merit of his claim that the plea of guilty was improperly obtained from him. His petition avers that his attorney "was incompetent and irresponsible let political and personal matters mingle with his clients case, and demonstrated an exhibition of plain stupidity;" that petitioner was "forced under wrongful persuasion to plead guilty, under coerced deliberated, circumvented subverted deceptions, when he should have been given a pardon under the information;" that the attorney "gave no preparation to his case, and was grossly incompetent. Worked hand in hand with the prosecution instead of representing him, on the impersonal authority of the law, he became personally embro*l*ed, with the prosecution pleaced your Petitioner under contentions waggle, under an undignified lev*a*l which Petitioner was hurled under a swift reckless shabby swindle to plead guilty under wrongful persuasion of his purported Attorney, that wouldn't even allow him to seek his main witness, and wouldn't even come to see Petitioner in the county jail." (*Sic.*) Also that his attorney, who should have convinced the court that defendant was being convicted on false testimony, "persuaded him to enter a plea of guilty, under coerced wrongful, deliberate deceptions, which Petitioner was coerced into the plea of guilty under extrinsic fraud." Appellant's affidavit in support of his petition says: "That your Affiant was informed by his Attorney that it was the intentions of the District Attorney to make an example of me as a political issue;" that peti-

tioner in the superior court insisted on pleading not guilty, asked for a jury trial and asked to have his witnesses brought into court, but he was told by his attorney that there were political issues between him and the district attorney's office and he did not think it wise to have them raised in a trial, and "further refused to represent me if I did not plead guilty, and that I would be just as well off anyway as I was on parole. Notwithstanding insistance of innocence I was forced against my will to enter a plea of guilty."

■ These charges were met by an affidavit of defendant's attorney, a former district attorney of the county of Ventura, who denied each of them. True, his denials were mostly negatives pregnant. An example is this: "Denies that he let political and personal matters mingle with his client's case, as alleged in Petitioner's Petition at page 8, line 19." But the import of these denials is plain and they are supplemented by certain affirmative allegations: "Alleges that affiant informed Petitioner that he was willing to represent him in any type of proceeding Petitioner instructed affiant to arrange;" "Alleges that he gave said case all the preparation justified by its facts;" "Alleges that on numerous occasions, as Petitioner well knows, affiant visited Petitioner at the County Jail for the purpose of preparing Petitioner's case;" "Alleges that he advised Petitioner, based on affiant's evaluation of the alternatives of the case, and that Petitioner thereupon chose to enter such plea." The deficiencies in the denials are not fatal, because the court was entitled to disbelieve defendant's charges, even where not controverted (*People* v. *Chapman,* 106 Cal.App.2d 51, 56 [234 P.2d 716]; *People* v. *Martorana, supra,* 118 Cal.App.2d 332, 334; *People* v. *Smith, supra,* 109 Cal.App.2d 76, 80; *People* v. *Thomas, supra,* 121 Cal.App.2d 754, 756; *People* v. *Martinelli, supra,* 118 Cal.App. 2d 94, 98), as he obviously did: "THE COURT: Well, there isn't the slightest question about it in my mind that this defendant was fairly and well represented. There isn't the slightest question about it in my mind, that his motion is not now well taken." ■ This matter of inadequate representation is not properly raised in *coram nobis* (*People* v. *Martinelli, supra,* p. 98); it is likewise true of the specific claim of being forced or defrauded into entering a plea of guilty that it cannot be entertained unless it appears that the district attorney or other prosecuting official was a party to the same. ■ "Where the defendant's attorney makes the fraudulent representation, the rule is contrary to that

which prevails when the misrepresentation is made by the prosecution. *Coram nobis* will not issue to vacate a plea of guilty on the sole ground that it was induced by a false statement of defense counsel, even if unwarranted and wilfully false." (12 Cal.Jur.2d, § 15, p. 568.) The quoted text is supported by *People* v. *Gilbert*, 25 Cal.2d 422, 443 [154 P.2d 657]; *In re Dye*, 73 Cal.App.2d 352, 359 [166 P.2d 388]; *People* v. *Thomas, supra,* 121 Cal.App.2d 754, 756; *People* v. *Elmer*, 112 Cal.App.2d 415 [246 P.2d 60]; *People* v. *Martinez, supra,* 88 Cal.App.2d 767, 772. ▮ Waiver of jury trial falls in the same category. (*People* v. *Krout, supra,* 90 Cal.App.2d 205, 208.)

▮ Petitioner also asserts that he was convicted upon perjured testimony known to the prosecution to be such. This obviously refers to the preliminary hearing, for he pleaded guilty in the superior court and the context of his argument shows that this is what he means. It is not a matter for *coram nobis*. (*People* v. *James*, 99 Cal.App.2d 476, 484 [222 P.2d 117].) Moreover, petitioner's allegations are met by counteraffidavits. The court was not obligated to find with petitioner and did not do so.

Other claims made by petitioner are on a parity with those just discussed. They have been examined, found to be without merit and require no separate discussion.

The order denying the writ is affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1956. McComb, J., did not participate therein.