[Crim. No. 5560.   Second Dist., Div. One.   Apr. 9, 1956.]

THE PEOPLE, Respondent, v. LEWIS DONALD FRITZ, Appellant.

Lewis Donald Fritz, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal by the defendant Lewis Donald Fritz from an order of the superior court denying his petition for writ of error *coram nobis.*

Appellant was charged in an information with the crime of escape in violation of section 4532, Penal Code, and with the crime of kidnaping in violation of section 207, Penal Code. He was arraigned and pleaded not guilty as charged in the information, as well as not guilty by reason of insanity. Later, on August 19, 1953, appellant withdrew his pleas as to the kidnaping count and entered his plea of guilty thereto. He was thereafter sentenced to the state prison for the term prescribed by law, the sentence to run concurrently with the sentences in another case involving grand theft and forgery with which we are not here concerned. No appeal was taken from the judgment.

About two years later, on September 20, 1955, a petition for a writ of error *coram nobis* was filed with the clerk of the Superior Court in Los Angeles County, and on September 22, 1955, the matter came on for hearing and the petition for the writ was denied. A notice of appeal bearing date September 30, 1955, was filed with the clerk of the superior court on October 6, 1955.

The appeal is subject to dismissal on the ground there was no compliance with the requirements of rule 31 of the Rules on Appeal. However, we have seen fit to dispose of the matter on its merits.

Appellant contends "that the judgment was void and repugnant to certain amendments of the United States Constitution"; that the judgment was void because contrary to law and evidence; that the appellant was sentenced "under double jeopardy"; that the appellant's attorney refused to properly defend him; that facts and evidence were "concealed by extrinsic fraud," and that appellant was denied the right to appeal.

We have carefully searched the record in this case and we find nothing whatsoever to support any of the contentions of the appellant.

It has been repeatedly said that the writ of error *coram nobis* is a limited writ aimed at reaching errors of fact outside of the record and available only where no other remedies exist. ■ The office of the writ is to bring to the attention of the trial court errors of fact, which, without negligence on the part of the defendant, were not presented to the court at the time of the trial. (*People* v. *Tuthill,* 32

Cal.2d 819, 821 [198 P.2d 505]; *People* v. *Reid,* 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P.2d 169].)

■ The writ of error *coram nobis* never issues to correct an error of law or to redress an irregularity occurring at the trial which could be corrected on motion for a new trial or by an appeal. (*People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375].)

■ It is well settled that where the remedy of the motion for a new trial or appeal exists the writ is not available.

■ And the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time even though such failure occurred without fault or neglect on the part of the one seeking the remedy. (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325]; *People* v. *Pryor,* 87 Cal.App.2d 352, 353 [196 P.2d 948].)

■ Further, a petition for writ of error *coram nobis* places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires production of strong and convincing evidence. (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].)

In the instant case the petitioner did not produce any proof (much less convincing proof) of a fact constituting legal ground for the issuance of the writ. ■ It is also the rule that on such an application the court is not required to accept at face value the allegations of the petition or of affidavits (if any) in support thereof, even though such allegations or affidavits are uncontradicted. (*People* v. *Adamson,* 34 Cal.2d 320, 326-327, 330 [210 P.2d 13]; 12 Cal.Jur.2d Coram Nobis, § 20, p. 572.)

■ Where there are grounds for sustaining the trial court on the ruling on the petition, its decision will not be reversed on appeal except where there is evidenced an abuse of discretion. (*People* v. *Stuhlmiller,* 37 Cal.App.2d 603, 604-605 [99 P.2d 1072].)

■ Further, it is well settled in California that a showing of diligence is a prerequisite to the availability of relief by writ of error *coram nobis*. One who applies for such a writ must show that the ''facts'' upon which he relies were not known to him and could not, in the exercise of due diligence, have been discovered by him at any earlier time than the time of his application. Otherwise, he has stated no grounds for relief. (*People* v. *Shorts, supra,* 32 Cal.2d 502, 512-514;

*People* v. *Collins*, 97 Cal.App.2d 552, 556 [218 P.2d 87];
*People* v. *Krout*, 90 Cal.App.2d 205, 209 [202 P.2d 635].)

In the instant case the defendant offered no explanation for the delay that occurred between the entry of judgment and the tardy application for the writ. On this ground alone the court below acted properly in denying his application. (12 Cal.Jur.2d, Coram Nobis, §§ 8-10, pp. 558, 561.)

■ The claim of the defendant that the judgment was "repugnant" to various provisions of the Constitution does not state a ground for relief by writ of error *coram nobis*.

■ It is well established that *coram nobis* is not a proper vehicle for vindication of constitutional rights; that is the function of a motion for a new trial, appeal or habeas corpus. (*People* v. *Ayala*, 138 Cal.App.2d 243, 246 [291 P.2d 517].)

■ The applicant for this relief must allege facts which establish a right to the writ within its recognized narrow confines. Mere conclusions or generalities will not suffice. (*People* v. *Ayala*, *supra*, p. 247.) ■ Thus, merely stating that evidence, witnesses, etc., were suppressed by "extrinsic fraud" does not establish any right to relief.

■ Since *coram nobis* does not issue to remedy an error of law, the claim that the judgment was contrary to the law and the evidence does not aid the defendant. Further, in the instant case, the defendant entered a plea of guilty to the charge of kidnaping. ■ It must be noted that the plea of guilty admits all of the elements of the crime charged and constitutes a conclusive admission of the defendant's guilt. (*People* v. *Ward*, 118 Cal.App.2d 604, 608 [258 P.2d 86]; *People* v. *Outcault*, 90 Cal.App.2d 25, 29 [202 P.2d 602].)

■ Likewise, the claim of lack of effective aid of counsel cannot be asserted in a *coram nobis* proceeding. (*People* v. *James*, 99 Cal.App.2d 476, 479 [222 P.2d 117]; *People* v. *Krout*, *supra*, 90 Cal.App.2d 205, 208.)

■ The plea of double jeopardy raises a question of denial of constitutional rights, a matter which is reviewable on appeal; hence, the matter is not one for *coram nobis*. Further, even if this were a proper ground for *coram nobis* the defendant could not prevail since no double jeopardy has been shown. ■ Jeopardy does not attach until a defendant has been placed on trial before an impanelled jury or until the first witness has been sworn in a court trial, or until he has pleaded guilty. When that occurred in this case the other count naming the defendant was dismissed. (*People* v. *Ayala*, *supra*, 138 Cal.App.2d 243, 248.)

The remaining so-called grounds presented to the trial court are disposed of in what was stated in *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524].

In the instant case, it is apparent that the defendant presented nothing to sustain a court in ordering the issuance of a writ of error *coram nobis.* The alleged ''grounds'' were not within the limited scope of the writ. Further, no affidavits or other evidence were offered in support of the application. The only alternative the court below had was to deny the petition.

The order is affirmed.

White, P. J., and Doran, J., concurred.