[Crim. No. 1573. Fourth Dist. July 13, 1961.]

THE PEOPLE, Respondent, v. PHILLIP LEE TANNE-
HILL, Appellant.

Phillip Lee Tannehill, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

COUGHLIN, J.—On October 5, 1954, by two separate informations filed in the Superior Court of Orange County, the defendant was charged with the crimes (1) of taking an automobile without the consent of the owner, allegedly occurring on September 26, 1954, being a violation of section 503 of the Vehicle Code then in effect, and (2) of escaping from the custody of an officer, allegedly occurring on October 5, 1954, being a violation of section 4532 of the Penal Code; was duly arraigned and advised of his right to counsel; indicated

his desire to represent himself; pleaded not guilty to the offense of taking an automobile without the consent of the owner; and pleaded guilty to the offense of escape. A week later, the defendant appeared in court and changed his plea on the auto theft offense from not guilty to guilty. Thereupon he made an application for probation in both matters; a hearing was held thereon; the probation officer made his report and recommended denial of probation; at the commencement of the hearing the defendant was given a copy of this report and recommendation, which he read, but made no comments with respect thereto; and the application for probation was denied. At this time the defendant was a parolee of the Youth Authority; asked that he be discharged from that authority; and requested that he be "admitted" to the Adult Authority. After discussing the matter of his request with him, the court sentenced the defendant to the state prison as to both offenses, the sentences to run concurrently. Judgments were pronounced on October 29, 1954.

During the week between the defendant's arraignment and his change of plea on the automobile theft count, he was visited by an investigator from the district attorney's office and signed a written confession as to that count, which was four pages in length and at the end thereof contained the following statement in his handwriting: "The four pages are true and correct as I told them to Frank Oxandaboure of the District Attorney's office. I was not threatened or promised anything. Phillip Lee Tannehill."

On July 18, 1960, the defendant filed a motion to vacate the judgment in both cases upon the ground that he was not informed of his right to counsel or his right to subpoena witnesses; was not presented with a copy of the complaints, the informations, or transcripts of his preliminary examinations; and that he changed his plea in the automobile theft case from not guilty to guilty in reliance upon the promise of an investigator for the district attorney's office that if he would do so he would be granted probation. This motion was equivalent to an application for a writ of *coram nobis.* (*People* v. *Shorts,* 32 Cal.2d 502, 505 [197 P.2d 330] ; *People* v. *Grgurevich,* 153 Cal.App.2d 806, 810 [315 P.2d 391].)

At the hearing upon his motion the defendant was present; was represented by the public defender; and testified that an investigator for the district attorney's office and a deputy district attorney interviewed him while he was in jail, after he

had entered his plea of not guilty to the theft charge, and the investigator promised him that if he would change his plea to guilty he would be given probation or, at the most, a county jail sentence, and that in reliance upon this promise he made his change of plea. The investigator who obtained the written confession, on direct examination, testified that he did not make any promises to the defendant, but on cross-examination stated that he did not remember any conversation between them about probation.

In support of the stated grounds in his motion that he was not advised of his right to counsel or to call witnesses, and was not given a copy of any complaint, information, or transcript of the preliminary hearings, the defendant testified that he did not remember being so advised or receiving any such copies, but the court records establish the contrary. For reasons hereinafter noted, it is not necessary that we pass upon the availability of these grounds for a writ of *coram nobis*. (See *People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13] ; *People* v. *Fritz,* 140 Cal.App.2d 618, 621 [295 P.2d 449].)

The trial court denied the motion to set aside the judgments, and the defendant appeals from this order.

On appeal the defendant contends, in substance, that the trial court should have accepted his contention that the judgments were the result of extrinsic fraud; that his testimony that he changed his plea in the automobile theft case from not guilty to guilty in reliance upon the promise of the investigator from the district attorney's office was uncontradicted; that the testimony of the investigator was not in conflict with his testimony in the premises; that the deputy district attorney who interviewed him did not deny the making of such a promise; and, therefore, his motion should have been granted.

The order of the trial court must be affirmed for two patent reasons, i.e., (1) the defendant did not establish the facts upon which he relies and, (2) he delayed unreasonably in asking for the relief requested.

 A defendant who seeks to set aside his conviction by motion ''must proceed as one who is at least prima facie guilty, and he has the burden of producing convincing proof of a fact which constitutes a legal ground for setting aside the judgment.'' (*People* v. *Shorts, supra,* 32 Cal.2d 502, 503; *People* v. *Cole,* 152 Cal.App.2d 71, 73 [312 P.2d 701] ; *People* v. *Flores,* 147 Cal.App.2d 243, 246 [305 P.2d 90] ; *People* v. *Fritz, supra,* 140 Cal.App.2d 618, 621; *People* v. *Ayala,* 138 Cal.App.2d 243, 247 [291 P.2d 517].)

■ The trial court was not required to accept the defendant's testimony in support of his motion even though it was uncontradicted. (*People* v. *Flores, supra,* 147 Cal.App.2d 243, 246; *People* v. *Fritz, supra,* 140 Cal.App.2d 618, 621; *People* v. *Curtis,* 104 Cal.App.2d 219, 223 [230 P.2d 877]; *People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].)

■ There was a strong presumption that the judgment was valid in all respects (*People* v. *Shorts, supra,* 32 Cal.2d 502, 508; *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 246; *People* v. *Thomas,* 121 Cal.App.2d 754, 756 [264 P.2d 100]; *People* v. *Martorana,* 118 Cal.App.2d 332, 334 [257 P.2d 998]), and the trial judge was required to weigh the defendant's testimony against this presumption. (*People* v. *Cole, supra,* 152 Cal.App.2d 71, 74.) Furthermore, the defendant's testimony was not uncontradicted; the statement in his own handwriting, which was a part of the last page of his confession, declared that he "was not threatened or promised anything." In addition, the truth of his testimony was subject to question. The lack of any corroboration; the fact that approximately six years had expired since the events to which he was testifying had taken place; the direct contradiction by the court's records of many of his statements with respect to the alleged procedural irregularities about which he complained; his actions in making no objection to the probation officer's report which recommended denial of probation; his request that the court place him with the Adult Authority; and his failure to take any proceedings to set aside the judgment until the expiration of five years and seven months after entry thereof, all belie his testimony. ■ Where the evidence is conflicting, or the truth of the testimony of the moving party is subject to question, the order of the trial court denying his motion to set aside a judgment of conviction will not be disturbed on appeal. (*People* v. *Grgurevich, supra,* 153 Cal.App.2d 806, 811; *People* v. *Cole, supra,* 152 Cal.App.2d 71, 74; *People* v. *Snowden,* 149 Cal.App.2d 552, 558 [308 P.2d 815].)

■ The fact that the investigator for the district attorney's office did not remember whether the subject of probation had been discussed at or prior to the time the defendant signed his written confession, or the fact that the deputy district attorney, who the defendant testified was present at that time, did not deny that a promise of probation had been made, does not overcome the weakness in the defendant's testimony nor constitute evidence in support of his contention.

■ Implicit in every order made in response to a motion is a finding of those facts supported by the evidence which are necessary to sustain it. (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 507 [289 P.2d 476] ; *Estate of Machado,* 186 Cal. 246, 251 [199 P. 505] ; *cf. Sacramento etc. Dist.* v. *Pacific Gas & Elec. Co.,* 72 Cal.App.2d 638, 647 [165 P.2d 741].) By the order appealed from, the trial court in the instant case found that the claims of the defendant with respect to extrinsic fraud, and the other alleged irregularities upon which he relied even assuming they were proper grounds for a *coram nobis* application, were untrue. The record supports this conclusion.

In addition, the record also supports an implied finding that the defendant did not apply for relief within a reasonable time after discovery of the facts upon which he based his claim.

■ ''It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis.*'' (*People* v. *Shorts, supra,* 32 Cal.2d 502, 512 ; *People* v. *Adamson, supra,* 34 Cal.2d 320, 327.)

■ ''The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' '' (*People* v. *Adamson, supra,* 34 Cal.2d 320, 327; *People* v. *Flores, supra,* 147 Cal.App.2d 243, 246; *People* v. *Fritz, supra,* 140 Cal.App.2d 618, 621; *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 246.)

■ The determination of this issue lies within a sound exercise of the legal discretion vested in the trial court, and unless an abuse thereof is shown will not be interfered with on appeal.

■ When the defendant received and read the probation officer's report recommending denial of his application for probation the probability of denial must have been apparent to him; when the court denied his application, there should have been no doubt in his mind that any promise of probation made to him was not going to be fulfilled; and when the court discussed with him the advisability of placement with the Youth Authority or with the Adult Authority, he knew the likelihood of a county jail sentence was nonexistent. Nevertheless, he made no complaint although he freely and unhesitatingly discussed with the trial judge his request that he be

"admitted" to the Adult Authority. The judgments imposing a penitentiary sentence followed this discussion. The defendant did not file his motion to set aside the judgment until over five years and seven months later; no satisfactory explanation of this delay was offered; and although at the time of the hearing he was in the custody of the sheriff of Los Angeles County, he previously had been released from the penitentiary on parole. The evidence fully sustains the implied finding that the defendant was dilatory in the presentation of his application. The motion could have been denied on this ground alone. (*People* v. *Flores, supra,* 147 Cal.App.2d 243, 247— motion denied for delay of 10 months; *People* v. *Fritz, supra,* 140 Cal.App.2d 618, 622—motion denied for a delay of two years; *People* v. *O'Connor,* 114 Cal.App.2d 723, 727 [251 P.2d 64]—motion denied for a delay of two years and five months; *People* v. *Watkins,* 92 Cal.App.2d 375, 376 [206 P.2d 1118]—motion denied for delay of two and one-half years.) There was no abuse of discretion by the trial court.

In support of his appeal, the defendant cites and relies upon *People* v. *Campos,* 3 Cal.2d 15 [43 P.2d 274]; *Malmgren* v. *Southwestern Auto. Ins. Co.,* 201 Cal. 29 [255 P. 512]; *People* v. *McGarvy,* 61 Cal.App.2d 557 [142 P.2d 92]; *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310]; *People* v. *Grant,* 97 Cal.App. 60 [274 P. 1005, 275 P. 838]. There is nothing in these cases which conflicts with the views hereinbefore expressed.

The order appealed from is affirmed.

Shepard, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 6, 1961.