[No. F031435. Fifth Dist. Nov. 2, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
KAMSAN SUON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

2

---

**COUNSEL**

Bradley A. Bristow, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and . Shirley A. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—Defendant Kamsan Suon pled guilty to burglary in 1993 without being advised of the possibility of adverse immigration consequences, as required by section 1016.5 of the Penal Code.[1] In 1996, he pled guilty to driving under the influence, this time receiving the requisite admonition. It was not until 1998, however, that he filed a motion to withdraw his 1993 guilty plea, which was denied without prejudice. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant, a Cambodian national, entered the United States in 1980 as a refugee. On September 8, 1993, the District Attorney of Stanislaus County charged defendant with burglary (a felony in violation of § 459) and with vehicle tampering (a misdemeanor in violation of Veh. Code, § 10852). On September 23, 1993, defendant pled guilty to felony first degree burglary in exchange for a dismissal of the misdemeanor vehicle tampering charge. According to the reporter's transcript of the hearing, the court did not advise defendant of the possible adverse immigration consequences of his guilty plea. The court sentenced defendant to the lower term of two years in prison. After serving his sentence, defendant was released from custody.

On January 10, 1996, defendant was charged with misdemeanor driving under the influence in violation of Vehicle Code section 23152, subdivision (a). On February 7, 1996, defendant pled guilty to this charge after the court advised him of the potential negative impact such a plea could have on an alien's immigration privileges.

Then, on May 28, 1998, defendant moved to withdraw his 1993 guilty plea on the ground that the court had failed to advise him pursuant to section 1016.5. Defendant alleged he is a Cambodian national who entered the United States as a refugee.[2] This motion was filed four years and eight months after entry of that plea and two years and three months after he had learned, in connection with his intervening drunk driving charge, that a

---

[1]All statutory references are to the Penal Code unless otherwise noted.

[2]The record contains no declaration or affidavit based on personal firsthand knowledge to support this assertion.

guilty plea may adversely affect an alien's immigration status. According to defendant's supporting declaration, his motion was timely because "[u]ntil speaking with [his] attorney on or about May 26, 1998, [he] believed and understood that [he] was a naturalized citizen of the United States." He also argued that he is subject to adverse immigration consequences because he might be barred from reentering the United States in the event he ever decides to leave.

Finding that defendant had failed to prove that he was subject to immigration consequences, the trial court denied the motion without prejudice. After obtaining a certificate of probable cause, defendant appealed.

DISCUSSION

I.

*Proof of Noncitizenship*

■ A motion to vacate judgment of conviction because of a wrongfully obtained guilty plea is directed to the trial court's sound discretion, and the reviewing court may not disturb the trial court's order in the absence of abuse of discretion. (See *People* v. *Stuhlmiller* (1940) 37 Cal.App.2d 603, 604 [99 P.2d 1072]; see, e.g., *People* v. *Grgurevich* (1957) 153 Cal.App.2d 806, 811 [315 P.2d 391] [a postjudgment motion to withdraw a guilty plea is within the court's discretion]; *People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636] [same standard for a prejudgment motion to withdraw a plea].) An abuse of discretion occurs if the court acted "in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People* v. *Shaw* (1998) 64 Cal.App.4th 492, 496 [74 Cal.Rptr.2d 915], citing *People* v. *Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79].) The defendant must establish by clear and convincing evidence the grounds for withdrawing a guilty plea. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]; *People* v. *Shaw, supra,* 64 Cal.App.4th at p. 496; *People* v. *Castaneda* (1995) 37 Cal.App.4th 1612, 1617 [44 Cal.Rptr.2d 666].)

■ Defendant claims the trial court erred in denying his motion to withdraw his guilty plea. We disagree. As explained below, defendant has failed to meet his burden of proving by clear and convincing evidence that he is a not a United States citizen.

Section 1016.5, subdivision (a)[3] requires the court to advise a defendant that if he or she is not a citizen of the United States, a plea of guilty or no contest could result in deportation, exclusion, or denial of naturalization. If the court fails to provide the requisite admonition, section 1016.5 subdivision (b)[4] requires a defendant to show that the conviction may result in immigration consequences in order set aside his or her plea.

Based on subdivision (b), if defendant fails to provide competent evidence showing he is in danger of suffering immigration consequences, he is not entitled to withdraw his guilty plea for lack of an advisement concerning immigration consequences. Accordingly, proof that a conviction may result in immigration consequences requires, first and foremost, that defendant is not a citizen of the United States because United States citizens are not subject to deportation, exclusion, or denial of citizenship regardless of the quantity or quality of crimes they may commit.

Moreover, section 1016.5 was specifically designed to protect noncitizen criminal defendants. According to section 1016.5, subdivision (d): "The Legislature finds and declares that in many instances involving *an individual who is not a citizen of the United States* charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to *such accused individuals* by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of

---

[3]Section 1016.5, subdivision (a) provides:

"Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

[4]Section 1016.5, subdivision (b) provides in pertinent part: "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction. It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court." (Italics added.) The foregoing language makes clear that the Legislature did not intend section 1016.5 to apply to United States citizens. Otherwise, a United States citizen who pled guilty or no contest could withdraw the plea in the absence of an immigration advisement, thereby avoiding sentencing enhancements and recidivist statutes, including the "Three Strikes" law. (§ 667.)

Defendant claims that he has made a sufficient showing that he is subject to adverse immigration consequences. According to defendant's own declaration: "Until speaking with my attorney on or about May 26, 1998, I believed and understood that I was a naturalized citizen of the United States." In addition, defendant's attorney submitted a declaration stating that defendant "is a Cambodian national."

However, both of these declarations lack foundation for the conclusions asserted. Moreover, defendant has failed to produce any documentary evidence, such as a birth certificate or passport, to support his claim that he is a Cambodian national, or at least not a United States citizen. Thus, defendant has failed to meet his burden of producing clear and convincing evidence that his guilty plea subjects him to adverse immigration consequences.

A somewhat similar case is *People* v. *Shaw, supra,* 64 Cal.App.4th 492. There, a Canadian citizen who had been a legal resident of the United States for 40 years pled no contest to 41 felony counts of cruelty to horses. (*Id.* at p. 494.) Prior to sentencing, he moved to withdraw his plea for lack of an immigration advisement. (*Id.* at p. 495.) The issue presented was "whether a defendant *who shows he is a noncitizen* has made the showing required by section 1016.5 subdivision (b)." (*Id.* at p. 498, italics added.)

This court found that the defendant in *Shaw* had failed to show that he could be deported for his offenses. (*People v. Shaw, supra,* 64 Cal.App.4th at p. 499, citing 8 U.S.C. § 1227(a)(2)(i) [requiring a crime of moral turpitude within a limited number of years of defendant's admission into the United States].) We then held that even though section 1016.5 does not require a defendant to show that immigration consequences will result from the plea, the statute "implies the need to show more than just a remote possibility of deportation, exclusion, or denial of naturalization." (64 Cal.App.4th at p. 499.) We explained that otherwise, a defendant would be entitled to withdraw his plea simply by establishing noncitizenship even if the conviction would not subject defendant to deportability. (*Id.* at pp. 499-500.)

The defendant in *Shaw* established that he was a noncitizen, but not that his crimes subjected him to immigration consequences. In the present case, however, defendant has not even made a threshold showing of noncitizenship, which is a prerequisite for immigration consequences. Thus, he is not entitled to rely on section 1016.5 to set aside his guilty plea.

Defendant claims that although the Immigration and Naturalization Service has not instituted deportation proceedings,[5] he is nevertheless subject to exclusion and denial of citizenship. For instance, defendant points out that aliens may be denied readmission to the United States (i.e., excluded) if they have committed an offense of moral turpitude[6] that has a possible sentence of over a year, if more than six months is ordered served. (8 U.S.C. § 1182(a)(1)(A).) Moreover, aliens may be denied citizenship if they cannot establish good moral character, and convictions are admissible on this point. (8 U.S.C. § 1427.)

However, all of the foregoing immigration consequences assume that defendant is not a United States citizen. Without a threshold showing on citizenship, defendant has not established that he is subject to any of these detrimental effects.

Defendant argues that the People are not allowed to contest his Cambodian nationality on appeal because this is a different theory than that pursued in the trial court. The record reveals otherwise. In the opposing papers, the People specifically argued: "In fact, defendant Suon has not even attempted to make any showing that he is not a citizen and therefore may be subject to some immigration consequences, as required by the statute."

We conclude that because defendant has failed to prove by clear and convincing evidence that he is not a citizen of the United States, he has failed to prove that he is likely to be deported, excluded, or denied naturalization. (See *People* v. *Shaw, supra,* 64 Cal.App.4th at p. 496 [requiring clear and convincing proof before withdrawing plea]; see also *People* v. *Castaneda, supra,* 37 Cal.App.4th at p. 1617 [same].)

The trial court did not abuse its discretion.

---

[5]"Any alien who is convicted of an aggravated felony at any time after admission is deportable." (8 U.S.C. § 1227(a)(2)(A)(iii).) First degree burglary is an aggravated felony. (See 8 U.S.C. § 1101(a)(43)(G).)

[6]First degree burglary is an offense of moral turpitude under California law. (See *People* v. *Collins* (1986) 42 Cal.3d 378, 395 [228 Cal.Rptr. 899, 722 P.2d 173].) Generally the characterization of the offense by the local jurisdiction determines whether an offense is one of moral turpitude for immigration purposes. (*Nemets* v. *Immigration & Naturalization Service* (4th Cir. 1981) 647 F.2d 432, 436.)

## II*

### *Proof of Timeliness*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Wiseman, J., and Levy, J., concurred.

---

*See footnote, *ante*, page 1.