Filed 2/26/16  P. v. Padilla CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B265160 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VA033618) |
| v. | |
| JOSE RAMON PADILLA, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Olivia Rosales, Judge.  Reversed.

Jackie Lacey, Los Angeles County District Attorney, Steven I. Katz and Felicia N. Shu, Deputy District Attorneys, for Plaintiff and Appellant.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Respondent.

\* \* \* \* \* \* \* \* \*

In 1996, defendant Jose Ramon Padilla pled guilty to one count of receiving stolen property.  (Pen. Code, § 496, subd. (a).)  In 2014, defendant filed a motion to vacate his plea and petition for writ of error *coram nobis*.  His pleadings sought to set aside his 1996 plea on the grounds the trial court's "conditional language" in its advisement of the immigration consequences of the plea did not conform with the requirements of  section 1016.5, subdivision (a), and that defense counsel rendered ineffective assistance by failing to advise defendant of the immigration consequences of his plea.  Defendant later filed an amended motion, arguing additional constitutional grounds to withdraw his plea.  The trial court granted the motion, and the People have appealed.

Because the advisement given to defendant complied with section Penal Code 1016.5, subdivision (a), and because defendant failed to introduce any evidence that he would not have entered the plea if he had been "properly advised," we find the trial court abused its discretion in vacating the judgment and allowing defendant to withdraw his plea.  The other grounds for defendant's motion provided no legal or factual basis for the relief granted by the trial court.  We therefore reverse the order below.

## FACTS

On February 14, 1996, defendant pled guilty to receiving stolen property in violation of Penal Code section 496, subdivision (a).  According to the probation report, defendant had been paid $35,000 to warehouse merchandise which had been carjacked from various Southern California cargo trucks.  At the time defendant entered his plea, he was a legal resident of the United States.  He had come to the United States at the age of 14 from Honduras.

At the plea hearing, defendant was represented by privately retained counsel.  Before he entered his plea, the prosecutor confirmed on the record that defendant had signed and initialed the "Guilty Plea in Superior Court" form that was in common use at that time.  Defendant wrote his initials next to the portions of the form that provided: "I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  In

2

addition to confirming that defendant had initialed and signed the form, the prosecutor also repeated to defendant on the record "if you're not a citizen of the United States, this guilty plea may have the effect of deportation or the denial of the right to enter the United States." The prosecutor asked defendant if he understood, and defendant responded, "Yes, I do."

Defendant also initialed the portion of plea form which provided: "I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of my rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charges." Defendant, his attorney, and the prosecutor each signed the form. The paragraph preceding defense counsel's signature provided: "I am attorney of record and I have explained each of the above rights to the defendant . . . . I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights . . . ."

When the prosecutor asked defendant if he was entering a guilty plea freely and voluntarily, defendant responded, "Yes, I guess so, " and then said his "options [were] very limited." The trial court noted that defendant appeared to have some reservations, and suggested that defendant further discuss the matter with his attorney. Defendant and his attorney "confer[red] sotto voce" and then defendant stated on the record that he had "no reservations."

Defendant then entered a guilty plea on the record, and his counsel joined in the waivers and the plea, and stipulated to the factual basis of the plea, all on the record. The court found that defendant freely and voluntarily entered his plea, and that he "knowingly, willingly, and intelligently" waived his rights as reflected in the plea form. The court stated for the record that both defendant and his attorney had signed the plea form.

Defendant was sentenced on April 15, 1996, in conformance with the terms of the plea agreement. He was placed on probation for three years, and was given 180 days in jail. Defendant surrendered to serve his jail sentence on April 29, 1996.

On February 25, 1997, defendant was found to be in violation of his probation after he was again convicted of receiving stolen property in a new case, No. KA034925. He was sentenced to 16 months in state prison in this case, to be served concurrent with the sentence in his new case.

More than 17 years later, on October 3, 2014, defendant filed a "Motion of Error Coram Nobis." The motion sought an order vacating defendant's 1996 guilty plea under Penal Code section 1016.5 on the basis that the "court's conditional language failed to properly advise [defendant] of the immigration consequences of entering a plea of guilty" and that defense counsel "did not advise him as to any possible immigration consequences." The motion referred to a declaration of defendant, but no such declaration was attached to the motion. A transcript of the plea hearing was attached as an exhibit to the motion.

Despite the extensive record of admonitions of the immigration consequences of the plea described above, the motion inaccurately asserted that the transcript of the plea hearing "contains no mention of immigration matters or consequences." The motion also inaccurately asserted that defendant's plea was not "voluntary and intelligent" because defendant's "former attorney failed to adequately advise [defendant] that the conviction would impact his eligibility for immigration relief." The motion stated that defendant had been detained "and is currently facing removal proceedings as a result of [his] conviction." The motion also argued (without evidentiary support) that defendant would not have "agreed to be deported from the only home he has ever known in exchange for a slightly shorter sentence." The motion argued that the failure to properly advise defendant of the immigration consequences constituted ineffective assistance of counsel under *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*).[1] The motion argued that defendant's conviction in this case was for a deportable offense, without citing to any authority.

_____

**1** Defendant was the petitioner before the United States Supreme Court in the *Padilla* case, following his guilty plea to drug distribution charges in Kentucky.

4

The People opposed the motion on the basis that defendant had signed the plea form and was advised on the record of the immigration consequences of his plea, attaching the plea form and transcript of the hearing as exhibits. The People also argued that defendant failed to support his claim of ineffective assistance of counsel because there was no evidence that his counsel failed to advise him of the immigration consequences of his plea, and that defendant was not entitled to *coram nobis* relief.

On January 12, 2015, defendant filed a "First Amended . . . Motion to Vacate Conviction (Nonstatutory Constitutional Grounds)." The motion newly argued that the immigration advisement under Penal Code section 1016.5 was deficient because the prosecutor had not mentioned naturalization in his immigration advisement. Defendant also argued that "the equities in this case weigh[] heavily in [defendant's] favor," specifically, that defendant had lived in the United States for over 40 years, was a "twice-decorated combat veteran of the Vietnam War," and that his wife and disabled adult children lived in the United States. Again, there were no declarations or other evidence in support of the amended motion.

On February 2, 2015, defendant's immigration attorney filed an *unsworn* declaration in support of defendant's motions. The declaration stated that removal proceedings were initiated against defendant in November 2004 based on his conviction for receiving stolen property and his confinement in prison. Defendant applied for a removal waiver, but his request for relief was denied in December 2010 based on his conviction for an aggravated felony. Defendant's appeal of this decision was dismissed in March 2013. Defendant was taken into custody in September 2014 to effect his removal. On October 22, 2014, defendant was granted a one-year stay of his removal so that he could pursue having his criminal convictions vacated.

The hearing on defendant's motion was held on April 30, 2015. Defendant was present at the hearing, as was his immigration counsel who had submitted the declaration in support of defendant's motions. Neither defendant nor his immigration attorney testified at the hearing; instead, defendant submitted on his filings after presenting brief argument.

5

On May 18, 2015, the court entered its order granting defendant's motion, finding "defendant was not properly advised of his immigration consequences . . . [¶] . . . [¶] . . . [b]ased on all the arguments presented." This timely appeal followed.

## DISCUSSION

Defendant's motion to vacate the judgment and withdraw his plea was based on several legal grounds. The motion was styled as a statutory motion for relief under Penal Code section 1016.5, a petition for error *coram nobis*, and as a motion on "nonstatutory constitutional grounds." Notwithstanding the various legal bases of the motion, the gravamen of defendant's motion was that the advisement he received from the court was deficient, and that he received ineffective assistance of counsel because his attorney did not explain the immigration consequences of his plea. On appeal, the People argue there is no legal or factual basis for the trial court's ruling under any of these theories. Defendant impliedly concedes that his claims for ineffective assistance of counsel, request for *coram nobis* relief, and the "nonstatutory constitutional grounds" for his motion are baseless, as he said nothing about these issues in his brief on appeal. Instead, defendant simply argues that the "conditional" language of the section 1016.5 advisement he received was inadequate. Finding no legal or factual basis for the trial court's ruling, under any theory, we reverse the order below.

## I.     Sufficiency of the Immigration Advisement

Penal Code section 1016.5, subdivision (a) requires the trial court, before accepting a plea a guilty or no contest plea, to administer the following advisement on the record: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The purpose of the section 1016.5 advisement is to ensure that a defendant is informed of the immigration consequences of a plea. It does not matter who gives the advisement, and there is no requirement that the advisement be given orally. "It is sufficient if . . . the advice is recited in a plea form and the defendant and his counsel

6

are questioned concerning that form to ensure that defendant actually reads and understands it." (*People v. Quesada* (1991) 230 Cal.App.3d 525, 536.)

A defendant may have his judgment of conviction vacated, and plea set aside, if he did not receive the required statutory advisement. (Pen. Code, § 1016.5, subd. (b).) To prevail on a motion brought pursuant to section 1016.5, subdivision (b), a defendant must establish all of the following: (1) at the time of the plea, the trial court failed to advise the defendant of the immigration consequences of the plea as provided in the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have adverse immigration consequences; and (3) if properly advised, the defendant would not have entered the plea. (*People v. Totari* (2002) 28 Cal.4th 876, 884; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.) A defendant must establish grounds for withdrawing a guilty plea by clear and convincing evidence. (*People v. Suon* (1999) 76 Cal.App.4th 1, 4.)

A motion to vacate the judgment and to set aside a plea "is directed to the trial court's sound discretion, and the reviewing court may not disturb the trial court's order in the absence of abuse of discretion. [Citations.]" (*People v. Suon*, *supra*, 76 Cal.App.4th at p. 4; see also *People v. Limon* (2009) 179 Cal.App.4th 1514, 1517-1518; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1287.) There has been an abuse of discretion "if the court acted 'in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice.' [Citations.]" (*People v. Suon*, at p. 4.) Moreover, the trial court's discretion has been abused if there is no evidence to support the court's decision. (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1066.)

The trial court abused its discretion by granting the motion, because there is absolutely no factual support for the trial court's conclusion that defendant was not properly advised under Penal Code section 1016.5. To the contrary, defendant signed and initialed the plea form that contains the exact language required by section 1016.5. Moreover, the prosecutor repeated the admonitions on the record in open court, and defendant confirmed that he had signed and initialed the form, and understood its contents. When defendant expressed vague reservations about the plea, the court directed

7

him to further consult with his privately retained counsel. The court did not accept the plea until after defendant conferred further with counsel and confirmed to the court that he had no reservations about the guilty plea. We cannot imagine what more the court could possibly have done to assure that defendant understood the immigration consequences of the plea, and that defendant's guilty plea was knowing and intelligent.

There is no merit whatever to defendant's contention that the conditional "if" and "may" language of the statutory immigration advisement renders the advisement ineffective. Defendant has not cited to any authority holding the legislatively approved statutory advisement to be deficient. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' "].)

Moreover, defendant presented absolutely no admissible evidence that he would not have entered the plea if he had been given a different explanation of the immigration consequences of the plea. (*People v. Totari*, *supra*, 28 Cal.4th at p. 884; *People v. Suon*, *supra*, 76 Cal.App.4th at p. 4.) The only evidence of adverse immigration consequences that defendant presented was an unsworn declaration of defendant's immigration counsel. (See, e.g., *Beilenson v. Superior Court* (1996) 44 Cal.App.4th 944, 952-953 [letter not signed under penalty of perjury lacked evidentiary value].)

## II.  A Few Words on the Arguments Asserted in the Trial Court That Defendant Waived on Appeal

A defendant's right to the effective assistance of counsel includes an obligation on the part of counsel to inform the defendant whether a plea carries a risk of deportation. (See *Padilla*, *supra*, 559 U.S. at pp. 364-368.)

Since there was no legal or factual basis for defendant's motion, including no basis for the claim that his counsel failed to advise him of the immigration consequences of his plea, manifestly there is no basis for his claim of ineffective assistance. In any event, our Supreme Court has held a defendant may not raise an ineffective assistance of counsel claim as part of the statutory motion pursuant to section 1016.5. (*People v. Kim* (2009)

8

45 Cal.4th 1078, 1108, fn. 20 [a claim for ineffective assistance of counsel "is not a wrong encompassed by [section 1016.5]."].)

A petition for writ of error *coram nobis* is not a proper vehicle by which to assert a claim for ineffective assistance of counsel. (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1103-1104 [ineffective assistance of counsel claim is a mistake of law rather than a mistake of fact, making it inappropriate for *coram nobis* relief].) Although ineffective assistance of counsel may be raised by a petition for a writ of habeas corpus, defendant was not in custody at the time of his motion and therefore was ineligible for habeas corpus relief. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 987 [a claim of ineffective assistance of counsel must be raised on appeal or in a petition for writ of habeas corpus]; see also *People v. Villa* (2009) 45 Cal.4th 1063, 1068-1072 [state court habeas corpus relief unavailable when defendant is no longer in state custody; being in custody of federal immigration authorities is not "custody" for purposes of habeas corpus relief].)

Lastly, even if there was another constitutional basis for defendant's motion under the holding in *Padilla*, *supra*, *Padilla* does not apply retroactively to defendants whose cases were already final on direct appeal. (*Chaidez v. United States* (2013) __ U.S. __ [133 S.Ct. 1103, 1105].)

## DISPOSITION

The order is reversed.

GRIMES, J.


WE CONCUR:


BIGELOW, P. J.



FLIER, J.


9